```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAVID T. JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID S. OWENS; KAREN TAYLOR,<br><br>　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2634 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

David T. Jones, Plaintiff Pro Se
4306915
Camden County Correctional Facility
PO Box 90431
Camden, NJ 08101

**SIMANDLE, Chief Judge:**

**I.　INTRODUCTION**

　　Before the Court is Plaintiff David Jones' ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

Plaintiff brings this civil rights action against David Owens and Karen Taylor, the former and current wardens of the Camden County Correctional Facility ("CCCF"), for permitting him to be admitted into the facility without a signed warrant and for failing to release him when he brought the lack of a warrant to their attention. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff states he entered the CCCF on April 21, 2015 on a warrant signed only by the arresting officer, not by a judicial officer. He filed a grievance with Mr. Owens about the lack of a signed warrant but did not receive a response. Complaint at 5. He also spoke with Ms. Taylor in February 2016. *Id.* at 6. She responded that "the County had other paperwork" to process Plaintiff's admission into CCCF, and Plaintiff countered it was "facility policy to have a warrant . . . ." *Id.* at 7. Plaintiff requested a copy of the warrant from the Admissions Office, but they only had the "defendant copy" of the warrant. *Id.* at 6. Plaintiff continued to request a signed copy of the warrant from various CCCF officials. Eventually, Captain Franceschini went to the prosecutor's office to get a signed warrant. He returned

with a warrant signed by a judicial officer dated April 20, 2015. *Id. See also* Exhibits Two and Three.

Plaintiff asks for a preliminary injunction and monetary relief for an unconstitutional arrest.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will

3

not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim."

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff alleges his arrest and imprisonment in CCCF were unconstitutional. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913

(2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff has not sufficiently alleged a false arrest claim against Wardens Owens and Taylor because Plaintiff does not allege they were responsible for his arrest. However, there are sufficient facts to support a false imprisonment claim. Plaintiff alleges the copies of the warrants on file at CCCF and provided to him during discovery did not bear the signature of a judicial officer. He further alleges the judicial officer did not sign the warrants until Captain Franceschini went to the prosecutor's office in February 2017, long after Plaintiff's entrance into CCCF. Plaintiff has provided the Court with copies of both signed and unsigned warrants. Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, there are sufficient facts for the Court to require defendants to answer the false imprisonment charges.

Plaintiff's request for a preliminary injunction is denied without prejudice as he does not indicate what kind of injunctive relief he is seeking, nor does he address the factors the Court must consider in determining whether to grant injunctive relief.[2]

## V. CONCLUSION

For the reasons stated above, Plaintiff's false arrest claim is dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint shall proceed on the false imprisonment charge.

**October 30, 2017**             **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                         U.S. District Judge

---

[2] To secure the extraordinary relief of a preliminary injunction, Plaintiff must demonstrate "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).