IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID T. JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID S. OWENS; KAREN TAYLOR,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>　　　Civil Action<br>No. 17-2634 (JBS-JS)<br><br>　　　**OPINION** |

APPEARANCES:

David T. Jones, Plaintiff Pro Se
4306915
Camden County Correctional Facility
PO Box 90431
Camden, New Jersey 08101

CHRISTOPHER A. ORLANDO, COUNTY COUNSEL
　　BY: Stephanie C. Madden, Assistant County Counsel
520 Market Street, 14th Floor Court House
Camden, New Jersey 08102-1375
　　Attorneys for Defendants David S. Owens and Karen Taylor

**SIMANDLE, District Judge:**

**I.　INTRODUCTION**

　　Before the Court is the motion of Plaintiff David Jones

("Plaintiff") to amend his civil rights complaint and

Defendants' motion to dismiss the complaint. Motion to Amend,

Docket Entry 11; Motion to Dismiss, Docket Entry 12. The motions

are opposed. Defendants' Opposition, Docket Entry 16;

Plaintiff's Opposition, 13. The Court is deciding the motions on the papers. Fed. R. Civ. P. 78.

For the reasons set forth below, the motion to amend is denied, and the motion to dismiss is granted. The complaint is dismissed without prejudice.

## II.  BACKGROUND

Plaintiff filed his civil rights action against David Owens and Karen Taylor, the Director and the Warden of the Camden County Correctional Facility ("CCCF"), respectively. Plaintiff alleged Owens and Taylor permitted him to be admitted into the facility without a signed warrant and for failing to release him when he brought the lack of a warrant to their attention.

According to the complaint, Plaintiff entered the CCCF on April 21, 2015 on a warrant that was not signed by a judicial officer. He filed a grievance with Owens about the lack of a signed warrant but did not receive a response. Complaint, Docket Entry 1 at 5. He also spoke with Warden Taylor in February 2016. *Id.* at 6. According to the Complaint, she responded that "the County had other paperwork" to process Plaintiff's admission into CCCF, and Plaintiff countered it was "facility policy to have a warrant . . . ." *Id.* at 7. Plaintiff requested a copy of the warrant from the Admissions Office, but they only had the "defendant copy" of the warrant. *Id.* at 6. Plaintiff continued to request a signed copy of the warrant from various CCCF

officials. Eventually, Captain Franceschini went to the prosecutor's office to get a signed warrant. He returned with a warrant signed by a judicial officer dated April 20, 2015. *Id. See also* Exhibits Two and Three. Concluding that an answer from defendants was warranted in light of the conflicting warrants, the Court permitted the complaint to proceed past its initial screening on October 30, 2017.

On January 22, 2018, Plaintiff filed a motion to amend his complaint. Plaintiff seeks to add false arrest claims against the officers who arrested him without going before the judge or having an arrest warrant. Defendants moved to dismiss the complaint on January 29, 2018, arguing that New Jersey law does not permit a prisoner to be released based on a technical defect in a warrant unless his or her rights have been prejudiced.

**III. STANDARD OF REVIEW**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). 11. Plaintiff filed his motion to amend before Defendants filed their responsive pleading, but the Court must still review the proposed amended complaint by pre-screening

3

under 28 U.S.C. § 1915(e)(2)(B) as Plaintiff is proceeding *in forma pauperis*.

A court may deny leave to amend a pleading where it court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

**IV. ANALYSIS**

Incorporating his original complaint against Owens and Taylor, Plaintiff seeks to add claims against Detective Thomas Collins, Detective Martinez, and Detective Brian Razzi for an unconstitutional arrest. He alleges that Detective Collins failed to get a judicial officer to approve the arrest warrant. Motion to Amend at 4. Plaintiff further alleges Detectives Martinez and Razzi then arrested him on April 21, 2015 on the basis of a "wanted flyer" instead of an arrest warrant that had been properly signed by a judicial officer. *Id.* at 6.

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.'" *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917 (2017) (quoting U.S. Const. amend. IV) (alteration and omissions

in original). "To state a claim for false arrest under the
Fourth Amendment, a plaintiff must establish: (1) that there was
an arrest; and (2) that the arrest was made without probable
cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d
Cir. 2012). "[W]here the police lack probable cause to make an
arrest, the arrestee has a claim under § 1983 for false
imprisonment based on a detention pursuant to that arrest."
*O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007)
(internal quotation marks and citation omitted).

Plaintiff did not include the date of his arrest in his
original complaint; he only stated that he entered CCCF on April
21, 2015. Complaint at 5. In his proposed amended complaint, he
clarifies that April 21, 2015 was also the date Detectives
Martinez and Ricci arrested him. Motion to Amend at 6. According
to the documents provided by Plaintiff, a judicial officer
signed the arrest warrant on April 20, 2015. Complaint-Warrant,
Docket Entry 11-3 at 12. Therefore, a judicial officer had
signed the arrest warrant prior to Plaintiff's arrest on April
21, 2015. Moreover, the statement of probable cause that
Plaintiff submitted with his proposed amended complaint sets out
sufficient facts to support probable cause for Plaintiff's
arrest.[1] Statement of Probable Cause, Docket Entry 11-3 at 7.

---

[1] Plaintiff does not dispute the accuracy of the facts stated in
the probable cause statement and in fact relies on its accuracy

Based on all of the documents submitted by Plaintiff, he has failed to state a claim for false arrest or false imprisonment. His motion to amend is denied as futile, and Defendants' motion to dismiss is granted for failure to state a claim.

Because Plaintiff is proceeding pro se under the Prison Litigation Reform Act, "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). It is not clear that it would be entirely futile to permit a curative amendment; therefore, Plaintiff may move to amend his complaint within 30 days of this opinion and order. Any motion to amend must include a proposed second amended complaint. Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion to amend is denied. Defendants' motion to dismiss is granted. The complaint is dismissed without prejudice.

---

to show that Detective Collins did not go before a judicial officer. Statement of Probable Cause at 7. In the event Plaintiff does dispute the accuracy of the events depicted in the affidavit of probable cause, he may move to amend his complaint.

An appropriate order follows.


**September 25, 2018**
Date

  **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge